FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 JUL 29 P 1: 09

CLERK US ...
ALEXANDRIA, VIRGINIA

BUNKERS INTERNATIONAL
CORPORATION
110 Timberlachen Circle, Suite 1012
Lake Mary, FL 32746

    Plaintiff,

v.

CARREIRA PITTI, P.C.
55 St. No. 225 Carpit Buildings, El Cangrejo
P.O. Box 0819-0068 El Dorado
Panama, Republic of Panama

    Defendant,

and

TLDS, LLC
d/b/a SRSPlus, LLC
13861 Sunrise Valley Drive, Suite 300
Herndon, VA 20171

    Garnishee.

Civil Action No. 1:11cv803

LMB/IDD

## VERIFIED COMPLAINT WITH
## REQUEST FOR WRIT OF MARITIME GARNISHMENT

Plaintiff Bunkers International Corporation ("Bunkers International") sues Carreira Pitti, P.C. ("Carreira Pitti") *quasi in rem* as follows:

### Jurisdiction and Venue

1.    This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B for Certain Admiralty and Maritime Claims, and Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the Garnishee is located and can be found in this District. Defendant cannot be not found in this District within the meaning of Supplemental Rule B.

### The Parties

3. Bunkers International is a corporation with its principal place of business in Lake Mary, Florida. Bunkers International provides physical supply, trading, and brokering services to marine customers around the world.

4. Carreira Pitti is a law firm with its sole offices in Panama City, Panama.

5. TLDS, LLC, d/b/a SRSPlus, LLC ("TLDS") is a domain name registrar with its principal place of business in Herndon, Virginia.

### Count I: Breach of Contract

6. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

7. On or about May 27, 2010, Bunkers International provided marine oil (bunkers) to the M/V OCEAN BLUE 1 ("Vessel") at Maracaibo, Venezuela, on the order of Carreira Pitti (acting as agent and/or charterer and /or manager of the Vessel), and pursuant to maritime contracts between Bunkers International and Carreira Pitti, at an agreed price of $34.245.54.

8. The marine contracts between Bunkers International and Carreira Pitti incorporated Bunkers International's General Terms and Conditions.

9. Prior to physically providing the bunkers to the Vessel, Bunkers International sent confirmation of the bunkers order to Carreira Pitti (Exhibit A hereto). The confirmation specifically stated as follows:

> Seller's General Terms and Conditions of Sale are fully incorporated herein by this reference and are available upon written request or on the Internet at www.bunkersinternational.com. This Confirmation of Contract and Seller's General Terms and Conditions of Sale shall be governed by the laws of the United

> States of America and the State of Florida, without reference to any conflict of laws or choice of law rules which could otherwise result in the application of the laws of another jurisdiction.
>
> Buyer warrants that the vessel's Owner has given Buyer express authority to purchase the product and that the Buyer is authorized by the Vessel's Owners, Operators, Managers, Agents, Ship Masters, Disponent Owners, and/or Charterers to pledge the vessel's credit, as defined by section 971 of the United States Federal Maritime Lien Act. In consideration of the Seller's provision of product to the vessel, it is agreed that United States law controls as if Seller's provision of product was made to the vessel in the United States. Seller is relying on the credit of the vessel and by providing product to the vessel Seller expressly an in-rem maritime lien against the vessel as provided under U.S law.
>
> Any attempt to avoid or impair Seller's lien against the vessel shall be null, void and of no effect. No disclaimer of lien or liability, whether by stamp or other form, shall operate to alter, change or waive Seller's maritime lien against the vessel or the vessel's liability in-rem for the debt resulting from the provision of product to it. Buyer further warrants that it has informed the vessel's Owners of this Confirmation of Contract and Seller's General Terms and Conditions of Sale.
>
> We will assume that all parties agree to this confirmation unless we are notified in writing immediately after the date and time that this message is sent via email or fax.
>
> Please advise us immediately if any part of this confirmation is unclear or incorrect.
>
> We thank you for the opportunity to conclude this stem.

10. The bunkers were delivered to the Vessel on May 27, 2010, and the bunker receipt certificate was signed by the Vessel's Master (Exhibit B). There were no disclaimer stamps placed on the bunker receipt by the Vessel and the Vessel's Master signed with full authority, accepting the bunkers.

11. Bunkers International issued its invoice in the amount of $34,245.54, on June 15, 2010 with payment terms that the invoice was due on receipt (Exhibit C).

12. Carreira Pitti acknowledged receipt of the invoice and promised payment.

13. Carreira Pitti failed to pay the amount owed on the due date.

14. Pursuant to Bunkers International's General Terms and Conditions (Exhibit D), which are specifically incorporated into the sales contract, past due amounts accrue interest at the rate of 2% per month. Additionally, amounts past due more than 15 days incur a one-time administrative fee of 5% of the amount past due. Bunkers International's General Terms and Conditions further provide as follows:

> 11. FINANCIAL RESPONSIBILITY
>
> All sales of Marine Fuel hereunder are made on the credit of the Vessel as well as on the credit of the BUYER. The SELLER will have and assert any and all maritime liens available to it against the Vessel, wherever found, for the full amount of the delivered price of the Marine Fuel supplied to such vessel by the SELLER, plus accrued interest and collection costs. If the BUYER in any way breaches the Agreement, defaults in the payment of any indebtedness to the SELLER (whether arising out of the Agreement or otherwise) or become bankrupt or insolvent, or if the SELLER at any time considers the financial situation, position and or condition of the BUYER to be unsatisfactory, then the SELLER may, in addition to any other rights and remedies it may have, cancel or suspend deliveries hereunder until such time as the BUYER remedies such breach or default and/or provides suitable additional security and/or guarantees acceptable to the SELLER.
>
> 12. AGENTS
>
> If the Agreement is concluded between the SELLER and an agent acting for or on behalf of a principals (whether disclosed or undisclosed), as BUYER(s), then such agent shall be jointly and severally liable with the BUYER(s), as a principal and not as an agent, for the due and proper performance of the Agreement and the prompt and punctual payment of all amounts due hereunder.
>
> ...
>
> 19. GOVERNING LAW
>
> These general terms and conditions of sale shall be governed by the laws of the United States of America and the State of Florida, without reference to any conflict of laws or choice of law rules which could otherwise result in the application of the laws of another jurisdiction. The laws of the United States shall apply with respect to the existence of a maritime lien, regardless of the country in which this Agreement is deemed made, the Marine Fuel is delivered or SELLER takes legal action. SELLER shall be entitled to assert its lien, attachment or other rights in any jurisdiction where it finds the Vessel or other assets of BUYER.

> Any disputes concerning quality or quantity shall only be resolved in the United States District Court for the Middle District of Florida, Tampa Division, or the Circuit Court of Hillsborough County, Florida. Disputes over payment and collection may be resolved, at SELLER's sole option, in the United States District Court for the Middle District of Florida, Tampa Division, or the Circuit Court of Hillsborough County, Florida or in the courts of any jurisdiction where either the Vessel or an asset of the BUYER may be found. BUYER hereby irrevocably submits to the jurisdiction of any such court, and irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum or its foreign equivalent to the maintenance of any action in any such court. BUYER and SELLER waive any right either of them might have to a trial by jury in any legal proceeding arising from or related to the Agreement or these general terms and conditions of sale.

15. Despite repeated demand, has failed and/or refused to pay Bunkers International for the bunkers ordered by Carreira Pitti.

16. Accordingly, Carreira Pitti is liable to Bunkers International for the principal amount due, plus interest of 2% per month from the date of delivery of the bunkers through the date of judgment, plus a one-time 5% administrative fee.

17. This Court therefore should enter judgment against Carreira Pitti, as set out in the Prayer for Relief, *infra*.

### Count II: Maritime Attachment and Garnishment (Rule B)

18. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

19. On information and belief, Carreira Pitti has intangible property within this District; to wit, its website – http://www.carreirapitti.com/ – which is registered with TLDS. TLDS operates, and may be served within, this District at its offices in Herndon, Virginia.

20. Carreira Pitti cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Carreira Pitti's tangible or intangible property or any other funds held by TLDS on behalf of

Carreira Pitti, up to the amount of at least the amount demanded herein to secure Bunkers International's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

### Prayer for Relief

WHEREFORE, Plaintiff prays:

A. That in response to Count I, judgment be entered against Carreira Pitti in the amount of at least $34,245.54, plus contractual interest running from June 15, 2010 to the date of judgment at the daily rate of $22.5176, plus contractual attorneys fees and costs, plus all other fees and costs as provided in the parties' contract (including Bunkers International's sales terms and conditions, incorporated in the contract), plus the costs of this action;

B. That in response to Count II, since defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Carreira Pitti's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Bunkers International's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

/

[continued on next page]

/

C.  That this Court award Plaintiff such other and further relief that this Court deems just and proper.

Dated: July 29, 2011.

                                    Respectfully Submitted,

                                    _/s/ Timothy P. Bosson_
Timothy P. Bosson (VSB No. 72746)
Simms Showers LLP
305 Harrison Street SE, Third Floor
Leesburg, VA 20175
(703) 771-4671
(703) 771-4681 –facsimile–

Counsel for Plaintiff Bunkers International

OF COUNSEL
Marios J. Monopolis
Simms Showers LLP
20 South Charles Street, Suite 702
Baltimore, MD 21201
(410) 783-5795
(410) 510-1789 –facsimile–

- 8 -

## **VERIFICATION**

I am an associate of the law firm Simms Showers LLP, counsel to Plaintiff Bunkers International.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Bunkers International made available to me by Bunkers International. Authorized officers of Bunkers International are not readily available in this District to make verifications on Bunkers International's behalf. I am authorized to make this verification on Bunkers International's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Carreira Pitti, finding no reference for Carreira Pitti in this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2011.

_____
Marios J. Monopolis