

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BUNKERS INTERNATIONAL CORP.,    )
                                )
        Plaintiff,              )
                                )
    v.                          )        1:11cv803 (LMB/IDD)
                                )
CARREIRA PITTI, P.C., et al.,   )
                                )
        Defendants.             )

## MEMORANDUM OPINION

Before the Court is a renewed Motion for Summary Judgment filed by garnishee TLDS, LLC.  For the reasons stated in open court and elaborated below, the motion will be granted and this civil action will be dismissed.

### I.  BACKGROUND

Plaintiff Bunkers International Corporation ("Bunkers") brings this quasi in rem action in admiralty on claims of breach of contract and maritime garnishment.  Plaintiff's claims arise from its maritime contract with defendant Carreira Pitti, P.C., a Panamanian law firm, which is in default in this action.  The complaint alleges that pursuant to the contract, on May 27, 2010, plaintiff delivered bunkers (marine oil) to an ocean vessel in Venezuela "on the order of Carreira Pitti," for a price of $34,245.54.  Compl. ¶ 7.  Plaintiff sent Carreira Pitti

an invoice for the bunkers on June 15, 2010; Carreira Pitti acknowledged receipt of the invoice but has failed to pay the amount due.  Id. ¶¶ 11-13.  In Count I of its complaint, plaintiff seeks payment for the invoiced amount as well as 2% monthly interest accruing from the date of delivery and a one-time 5% administrative fee pursuant to the terms of the contract.  Id. ¶¶ 14, 16.

Garnishee TLDS (a subsidiary of Network Solutions, LLC) is an Internet domain name registrar.  See Sterling Decl. ¶¶ 1, 8. In Count II of the complaint, plaintiff alleges that Carreira Pitti has registered its domain name, <carreirapitti.com>, with TLDS within the Eastern District of Virginia.  Plaintiff claims that Carreira Pitti "cannot be found within this District pursuant to Supplemental Rule B" and, accordingly, all property held by TLDS on behalf of Carreira Pitti, including the domain name, should be subject to maritime garnishment.[1]

Plaintiff has filed two other Supplemental Rule B lawsuits against Carreira Pitti based on the same unpaid invoice at issue in this action.  In the United States District Court for the Southern District of Texas, plaintiff has sought maritime garnishment of a bank account; default has been entered against

---

[1] When this action was first filed, the Court authorized the issuance of a Process of Maritime Garnishment.  As detailed in this Memorandum Opinion, however, since that time, the garnishee has demonstrated that garnishment is not appropriate. Therefore, the writ of garnishment will be vacated.

2

Carreira Pitti in that case.  In the United States District
Court for the Southern District of Florida, plaintiff has sought
maritime garnishment of domain name <panamalaw.com>, which is
registered with a domain name registrar located in that
district.  That action has proceeded only to service of process
on the garnishee and issuance of a summons to the defendant.

TLDS as garnishee has moved for summary judgment, arguing
that domain names are not subject to garnishment and that, even
if a domain name could be garnished, plaintiff has failed to
establish that Carreira Pitti is the registrant of the domain
name in question.

## II.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R.
Civ. P. 56(a).  A genuine dispute of material fact exists "if
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party."  Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 248 (1986).  The Court must view the record
in the light most favorable to the nonmoving party.  See Bryant
v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).  The
moving party must initially show the absence of a genuine
dispute of material fact, and once it has met its burden, the
nonmovant "must come forward and show that a genuine dispute

3

exists." Arrington v. ER Williams, Inc., No. 1:11cv535, 2011
U.S. Dist. LEXIS 144909, at *11-12 (E.D. Va. Dec. 16, 2011)
(citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) and
Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475
U.S. 574, 586-87 (1986)). The nonmoving party, however, "must
do more than simply show that there is some metaphysical doubt
as to the material facts." Matsushita, 475 U.S. at 586.
Accordingly, the "mere existence of a scintilla of evidence in
support of the [nonmovant's] position will be insufficient;
there must be evidence on which the jury could reasonably find
for the [nonmovant]." Anderson, 477 U.S. at 252. Therefore,
"[w]here the record taken as a whole could not lead a rational
trier of fact to find for the nonmoving party," summary judgment
is appropriate. Matsushita, 475 U.S. at 587.

### III. DISCUSSION

A. Supplemental Rule B

    Fed. R. Civ. P. Supp. Rule B provides that

    [i]f a defendant is not found within the district when
    a verified complaint praying for attachment and the
    affidavit required by Rule B(1)(b) are filed, a
    verified complaint may contain a prayer for process to
    attach the defendant's tangible or intangible personal
    property—up to the amount sued for—in the hands of
    garnishees named in the process.

The purpose of maritime attachment is both "to gain jurisdiction
over an absent defendant [and] to assure satisfaction of a
judgment." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,

4

460 F.3d 434, 437 (2d Cir. 2006).  In this action, plaintiff
seeks maritime attachment of the domain name
<carreirapitti.com>, registered with TLDS in this district,
which plaintiff asserts is intangible property of defendant
Carreira Pitti.  "Because a requirement of Rule B attachments is
that the defendant is not 'found within the district,' the res
is the only means by which a court can obtain jurisdiction over
the defendant.  If the res is not the property of the defendant,
then the court lacks jurisdiction."  Shipping Corp. of India v.
Jaldhi Overseas PTE Ltd., 585 F.3d 58, 69 (2d Cir. 2009); see
also Woodlands Ltd. v. Nationsbank, N.A., No. 97-1813, 1998 WL
682156, at *4 (4th Cir. Sept. 23, 1998) ("In a Rule B attachment
case, jurisdiction is derived from the attachment of the
property of the defendant.  A Rule B attachment case is,
therefore, a quasi in rem action instituted for the purpose of
(1) asserting jurisdiction over the defendant in personam
through the property and (2) to assure satisfaction of any
judgment.").  Therefore, if summary judgment is entered in favor
of TLDS as garnishee, the Court will no longer have jurisdiction
over the breach of contract claim against Carreira Pitti and the
complaint will have to be dismissed.

    B.  The Registrant of the Domain Name

        Without deciding the property status of domain names, even
assuming that they are garnishable property, plaintiff has

5

failed to establish that Carreira Pitti is the registrant of the domain name or otherwise has a garnishable interest in it. In its motion, TLDS has put forward documentary evidence clearly establishing that Carreira Pitti is not the registrant of the domain name. TLDS' records demonstrate that an entity named Cable Onda is the registrant as well as the technical and billing contact for the domain name. See Sterling Decl. Ex. B (Network Solutions registration record). Moreover, all of the registration and renewal payments for the domain name have been made via credit cards associated with mailing addresses for Cable Onda and two payments are also associated with a Cable Onda email address. See Sterling Decl. ¶¶ 12-13. The WHOIS record, which shows the server to which a domain name is directed, "reflects that the servers associated with the domain name <carreirapitti.com> are NS2.CABLEONDA.NET and NS1.CABLEONDA.NET." Id. ¶ 15 & Ex. F.

To rebut the clear evidence that defendant is not the registrant, plaintiff merely argues that "Carreira Pitti has at least some interest in the Domain Name," supporting this contention with only inadmissible evidence and speculation. See Pl.'s Opp'n at 6. Plaintiff appears to argue that Cable Onda is an agent of, or has some other relationship with, Carreira Pitti, and therefore registered the domain name on defendant's behalf. Plaintiff relies on one aspect of the

6

Network Solutions registration record, which reflects that a
Francisco Carreira is the administrative contact for the domain
name.  See Sterling Decl. Ex. B at 8.  Although that fact is
some circumstantial evidence suggesting a connection between
Carreira Pitti and the domain name, plaintiff has offered no
more than a "scintilla" of support for its view, and certainly
not enough evidence "on which the jury could reasonably find
for" plaintiff.  Anderson, 477 U.S. at 252.

Moreover, plaintiff has admitted that, although it had the
benefit of time in which to take discovery, it made absolutely
no effort to contact Cable Onda, the documented registrant of
the domain name, to determine the existence and/or nature of its
relationship with Carreira Pitti.  See Def.'s Mem. Ex. 2 at
31:7-10 (deposition testimony of corporate designee for the
plaintiff, agreeing that no one "on behalf of Bunkers
International [has] communicated with Cable Onda, S.A., at any
time").  Plaintiff has also conceded that it is not "aware of
any agreements between Cable Onda and Carreira Pitti with
respect to the use of the domain name carreirapitti.com."  Id.
at 32:6-9.

At oral argument, counsel for plaintiff explained the
decision not to take discovery on these crucial questions by
arguing that, because Carreira Pitti has defaulted, it has
admitted to being the "owner" of the domain name, thereby

7

conclusively establishing the fact of ownership. Assuming, arguendo, that a domain name is subject to ownership, plaintiff's argument falls flat. The parties cannot waive subject matter jurisdiction, and it is plaintiff's burden to establish that jurisdiction is proper in this Court. Although defendant has defaulted, the garnishee has presented significant evidence casting doubt on what, if any, relationship Carreira Pitti has with the domain name, which evidence has gone entirely unrebutted by plaintiff.

When considered outside the somewhat abstract context of domain names, the fallacy of plaintiff's position is apparent. For example, it would be absurd to allow a plaintiff to garnish a bank account held in the name of someone other than the defendant and argue that a default by the defendant established that the bank account in fact belonged to the defendant, despite being held in the name of a third party. In such a situation, the bank's customer—i.e., the registered owner of the account—would have had no opportunity to protect its right in its property. To attach the account, the plaintiff would not only have had to join the account's named owner as a necessary party under Fed. R. Civ. P. 19, but would also have had to prove that a relationship existed between the bank account, its owner, and the person against whom the attachment was sought. Similarly here, the domain name is registered to Cable Onda, an entity

other than the named defendant. Not only has Cable Onda not been joined as a party to this lawsuit, but plaintiff has made no effort to contact it or to offer admissible evidence showing that, for example, Cable Onda is an agent of Carreira Pitti or that the two have a lease or other type of property-sharing arrangement.

### IV. CONCLUSION

Because plaintiff has failed to demonstrate that property of defendant Carreira Pitti is located within this district, the Court is without jurisdiction under Supplemental Rule B. Accordingly, TLDS' Motion for Summary Judgment will be granted and this civil action will be dismissed by an Order to accompany this Memorandum Opinion.

Entered this 22ᴺᴰ day of March, 2012.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge